**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VECAN MORALES QUINTEROS,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1483-D |

**<u>ORDER</u>**

Petitioner Vecan Morales Quinteros filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Guatemala who entered the United States in 2021. [Doc. No. 1, at 4 and 10, at 2]. In the Petition, Petitioner challenges his detention by Immigration and Customs Enforcement (ICE) without a bond hearing as violative of the Immigration and Nationality Act and his due process rights.

The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 5]. On August 31, 2026, Judge Erwin issued a Report and Recommendation [Doc. No. 10], recommending the Court grant in part the Petition and order Respondents to provide a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents filed a timely objection. [Doc. No. 11].[1]

---

[1] The Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). However, the Court resolves Petitioner's habeas petition on a different basis not raised in the Report and Recommendation, thus, Respondents' objections are moot.

On September 9, 2026, Respondents filed with the Court a Notice of Bond Hearing [Doc. No. 12]. Respondents advise the Court that Petitioner has received a bond hearing and has been ordered released.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte." *Id.* "In order to invoke federal-court jurisdiction, a [petitioner] must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). "If an intervening circumstance deprives the [petitioner] of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id*. at 72. "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotations omitted).

If a petitioner "has been released from custody while his or her habeas petition is pending, a court's jurisdiction depends upon the existence of 'collateral consequences . . . adequate to meet Article III's injury-in-fact requirement.'" *King v. Ciolli*, 2024 WL 1179908 at *2 (10th Cir. Mar. 19, 2024) (quoting *Spencer v. Kemna*, 523 U.S. 1, 14 (1998)). To overcome mootness after release from custody, a petitioner must show "some concrete and continuing injury . . . if the suit is to be maintained." *Spencer*, 523 U.S. at 7. Here, Petitioner has received a bond hearing and has been released from ICE custody. Thus, the

relief he requests is no longer available and cannot be redressed by a favorable judicial decision. And the Court is not aware from the record of any collateral consequences to Petitioner that would constitute an exception to the mootness doctrine. As such, Petitioner's habeas challenge to his detention no longer presents a case or controversy subject to this Court's jurisdiction, and the Petition is dismissed as moot.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 10] is **DECLINED. IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **DISMISSED** as moot. A separate judgment shall be entered.

**IT IS SO ORDERED** this 30th day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE